**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 1:15-cr-00434-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. Joseph Lawrence Finney,

Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR EARLY TERMINATION OF TERM OF SUPERVISED RELEASE**

---

The United States hereby files its response to Defendant Finney's Motion for Early Termination of Term of Supervised Release. Doc. 2. For the reasons set forth below, the United States opposes the defendant's request for early termination of his supervised release.

**BACKGROUND**

On June 9, 2011, Finney was convicted of one count of Conspiracy to Commit Mail Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349, and one count of Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h), in the United States District Court for the District of Minnesota. Doc. 1-1. He was sentenced to 64 months of imprisonment and three years of supervised release on both counts, to be served concurrently. The United States District Court for the District of Minnesota executed a

Transfer of Jurisdiction to the District of Colorado, which was accepted by the District of Colorado on November 9, 2015.  Doc. 1.  Finney began his term of supervised release on February 26, 2015 and will be under supervision until August 17, 2018.

On March 1, 2017, Finney filed his motion requesting an early release from his term of supervised release.  Doc. 2.  According to the United States Probation Office for the District of Colorado (USPO) and Finney, Finney has complied with his terms of supervision thus far.  Finney states that he is requesting early termination of his term of supervised release so that he can pursue employment that he says will involve international travel on relatively short notice.  *Id*.  He also seeks early termination so that he can more easily visit out-of-state relatives.

## LEGAL STANDARD

This Court has authority under 18 U.S.C. § 3583 (e)(1) to terminate a term of supervised release at any time after one year of supervised release, if the Court is satisfied that two requirements are met.  First, early termination must be "warranted by the conduct of the defendant released."  *Id*.  Second, early termination must be in "the interest of justice."  *Id*.  Whether to grant a motion to terminate a term of supervised release is a matter of the Court's discretion.  *Rhodes v. Judisak*, 676 F.3d 931, 933 (10th Cir. 2011).

Before making a decision to terminate a defendant's supervised release, a court must first consider the statutory factors enumerated in 18 U.S.C § 3583(e)[1], covering

---

[1] The Court must consider the factors set forth in sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

the same "general punishment issues" that the court would consider when imposing an initial sentence, "such as deterrence, public safety, rehabilitation, proportionality, and consistency." *United States v. Lussier*, 104 F. 3d 32, 35 (2d Cir. 1997).

The Judicial Conference on Criminal Law has elaborated on 18 U.S.C. § 3583(e)(1)'s statutory criteria and recommended that probation officers evaluate the following nine factors when deciding whether to approve early termination of supervised release: (1) stable community reintegration (*e.g.*, residence, family, employment); (2) progressive strides toward supervision objectives and in compliance with all conditions of supervision; (3) no aggravated role in the offense of conviction, particularly large drug or fraud offenses; (4) no history of violence; (5) no recent arrests or convictions; (6) no recent evidence of alcohol or drug abuse; (7) no recent psychiatric episodes; (8) no identifiable risk to the safety of any identifiable victim; and (9) no identifiable risk to public safety based on the Risk Prediction Index (RPI). Monograph 109, *Supervision of Federal Offenders* § 380.10(b)(1)-(9); *see United States v. Etheridge*, 999 F. Supp. 2d 192, 195 (D.D.C. 2013) (considering these factors in a motion to terminate supervised release); *United States. V. Grimaldi*, 482 F. Supp. 2d 248 (D. Conn. 2007) (same); *United States v. Weintraub*, 371 F. Supp. 2d 164, 166 (D. Conn. 2005) (same).

Courts have concluded "early termination [is] reserved for rare cases of exceptionally good behavior." *United States v. Smith*, 219 Fed. Appx. 666, 668 (9th Cir. 2007) (internal quotation marks omitted). *See also United States v. Atkin*, 38 Fed. Appx. 196, 198 (6th Cir. 2002) (finding that "[e]arly termination of supervised release is

a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior."); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (finding that "exceptionally good behavior" requires something more than "[m]odel prison conduct and full compliance with the terms of supervised release"); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (though defendant's "post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule"); *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) (a defendant must show something "of an unusual or extraordinary nature" in addition to full compliance).

## DISCUSSION

Finney's motion to terminate his three-year term of supervised release should be denied. This is in large part due to the nature of Finney's instant offense and his criminal history. As noted, Finney is currently under supervision for conspiracy to commit mail and wire fraud and a money laundering conspiracy. According to the USPO, Finney's fraud scheme was significant, involving at least 135 victims and a loss amount of over $4 million. Moreover, the sentencing court found Finney to have an aggravating role in the offense, concluding that he was an organizer, leader, manager, or supervisor in the scheme at issue.

However, particularly troubling is the fact that Finney was committing the instant offenses while on probation for a previous fraud conviction in South Carolina. Finney was convicted in that case in 2003 and was sentenced to three years of probation. This

term of probation was to conclude on November 25, 2006.  Yet, the conduct forming the basis of Finney's instant fraud offense began in 2000 and continued until 2008.  Thus, not only does Finney have a history of fraud, but he was engaged in fraudulent conduct while serving his sentence for his past fraud conviction.  While Finney has a RPI of 0 – indicating a very low likelihood of recidivism – his instance fraud and his past inclination to engage in fraud suggest that early termination of his supervision may pose a danger to members of the community.

Although it is commendable that Finney has complied with his terms of supervised release in Colorado, this does not rise to the level of "exceptionally good behavior" beyond "[m]odel prison conduct and full compliance with the terms of supervised release." *McKay*, 352 F. Supp. 2d at 361.  Additionally, while it may be burdensome to coordinate international business travel and visit out-of-state relatives while on supervised release, both of these can be accomplished while a defendant is under supervision.

...

...

...

...

## CONCLUSION

Based on the foregoing, the United States requests that the Court deny Finney's motion for early termination of his term of supervised release.

Respectfully submitted this 31st day of March, 2017.

By: *s/Timothy D. Edmonds*
TIMOTHY D. EDMONDS
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0406
E-mail: timothy.edmonds@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March 2017, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF TERM OF SUPERVISED RELEASE** with the Clerk of the Court using the CM/ECF system.

I also caused to be delivered the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF TERM OF SUPERVISED RELEASE** via first-class mail, postage pre-paid, to Defendant at the following address:

20510 Oakbrook Lane
Parker, CO 80138

By: *s/Timothy D. Edmonds*
TIMOTHY D. EDMONDS
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0406
E-mail: timothy.edmonds@usdoj.gov